**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **E-WATCH, INC., a Nevada Corporation, and e-WATCH CORPORATION, a Texas corporation,** | § § § § | Civil Action No. 9:06-cv-00025-RHC |
| **Plaintiffs,** | § § | **Judge Clark** |
| **v.** | § § | |
| **MARCH NETWORKS CORPORATION,** | § § | |
| **Defendant.** | § § | |
| **MARCH NETWORKS CORPORATION,** | § § § | |
| **Counter-Claimant,** | § § | |
| **v.** | § § | |
| **E-WATCH, INC., a Nevada Corporation, and e-WATCH CORPORATION, a Texas corporation,** | § § § § | |
| **Counter-Defendants.** | § § | |

**DEFENDANT MARCH NETWORKS CORPORATION'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT
AND JURY DEMAND**

Defendant March Networks Corporation ("March Networks") hereby provides its

Answer to Plaintiffs E-Watch Inc., a Nevada corporation ("E-Watch NV") and e-Watch

Corporation, a Texas corporation's ("Texas E-Watch") Second Amended Complaint for Patent

Infringement ("Complaint").

# I.  PRELIMINARY STATEMENT

1.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 1 of the Complaint.

2.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 2 of the Complaint.

3.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 3 of the Complaint.

4.     March Networks denies the allegations of paragraph 4 of the Complaint.

5.     March Networks denies the allegations of paragraph 5 of the Complaint.

# II.  PARTIES

6.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 6 of the Complaint.

7.     March Networks admits it is a Canadian corporation and maintains a principal place of business at Tower B, 555 Legget Drive, Ottawa, Ontario, Canada K2K 2X3.  March Networks admits the remainder of the allegations in paragraph 7 of the Complaint.

# III.  JURISDICTION AND VENUE

8.     March Networks denies the allegations of paragraph 8 of the Complaint.

9.     March Networks admits this action arises under the patent laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     March Networks denies the allegations of paragraph 10 of the Complaint.

## IV. <u>FACTS</u>

**A.     The Inventor.**

11.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 11 of the Complaint.

12.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 12 of the Complaint.

13.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 13 of the Complaint.

14.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 14 of the Complaint.

15.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 15 of the Complaint.

16.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 16 of the Complaint.

17.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 17 of the Complaint.

18.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 18 of the Complaint.

19.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 19 of the Complaint.

20.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 20 of the Complaint.

21.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 21 of the Complaint.

22.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 22 of the Complaint.

23.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 23 of the Complaint.

24.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 24 of the Complaint.

25.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 25 of the Complaint.

**B.      The Patents.**

**(1)      The '692 Patent.**

26.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 26 of the Complaint.

**(2)      The '183 Patent.**

27.     March Networks lacks sufficient knowledge or information to either admit or deny the allegations of paragraph 27 of the Complaint.

## V.  **THE ACCUSED**

28.     March Networks admits it is a Canadian corporation and maintains a principal place of business at Tower B, 555 Legget Drive, Ottawa, Ontario, Canada K2K 2X3.

29.     March Networks admits that some of its products appeared in the NSCA/PSA Systems Integration Expo in Orlando, Florida, in March 2005 and the ISC West 2005 exposition in Las Vegas, Nevada, in April 2005.  March Networks denies the remainder of the allegations in paragraph 33 of the Complaint.

30.     March Networks denies the allegations of paragraph 30 of the Complaint.

31.     March Networks admits that it manufactures and sells digital video recording products.  March Networks denies the remainder of the allegations of paragraph 31 of the Complaint.

**A.     The Accused Products.**

**(1)     Mobile Surveillance System.**

32.     March Networks denies having any product called the "Mobile Surveillance System" and denies the allegations of paragraph 32 of the Complaint.

**(2)     Facilities Security System.**

33.     March Networks denies having any product called the "Facilities Security System," and denies the allegations of paragraph 33 of the Complaint.

34.     March Networks admits that it currently sells products bearing some of the product names recited in paragraph 34 of the Complaint but denies that any such products "compris[e]" a "Mobile Surveillance System" or "Facilities Security System."  March Networks denies the remainder of the allegations of paragraph 34 of the Complaint.

**VI.  CAUSE OF ACTION:  PATENT INFRINGEMENT**

35.     March Networks restates its responses to paragraphs 1-34 and incorporates them by reference as if set forth fully herein.

36.     March Networks denies the allegations of paragraph 36 of the Complaint.

37.     March Networks denies the allegations of paragraph 37 of the Complaint.

38.     March Networks denies the allegations of paragraph 38 of the Complaint.

**VII.  APPLICATION FOR INJUNCTIVE RELIEF**

39.     March Networks restates its responses to paragraphs 1-38 and incorporates them by reference as if set forth fully herein.

40.     March Networks denies the allegations of paragraph 40 of the Complaint.

41.     March Networks denies the allegations of paragraph 41 of the Complaint.

42.     March Networks denies the allegations of paragraph 42 of the Complaint.

## VIII.  ATTORNEYS' FEES

43.     March Networks denies the allegations of paragraph 43 of the Complaint.

## IX.  CONDITIONS PRECEDENT

44.     March Networks denies the allegations of paragraph 44 of the Complaint.

## X.  JURY DEMAND

45.     March Networks also requests a trial by jury on all issues.

## XI.  PRAYER FOR RELIEF

March Networks denies that Plaintiffs are entitled to any relief whatsoever.


## AFFIRMATIVE DEFENSES

For its further and separate affirmative defenses, March Networks alleges as follows:

## FIRST AFFIRMATIVE DEFENSE:  NONINFRINGEMENT

46.     March Networks does not infringe, nor has it ever infringed, directly or indirectly, any valid claim of the '692 and '183 patents.

## SECOND AFFIRMATIVE DEFENSE:  INVALIDITY

47.     Each claim of the '692 and '183 patents is invalid or void for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE:  ESTOPPEL

48.     Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE:  LACHES

6

49.     Plaintiffs' claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE:  UNCLEAN HANDS

50.     Plaintiffs' claims for relief are barred, in whole or in part, by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE:  COSTS

51.     Plaintiffs are barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

### SEVENTH AFFIRMATIVE DEFENSE:  DAMAGES

52.     Plaintiffs' claim for damages for patent infringement is limited by 35 U.S.C. § 287 to only those damages occurring after notice of infringement.

### EIGHTH AFFIRMATIVE DEFENSE:  UNENFORCEABILITY

53.     The '692 and '183 patents are unenforceable due to inequitable conduct in their procurement in violation of duties imposed by 37 C.F.R. § 1.56.

54.     On November 12, 1996, patent attorney Robert Curfiss ("Mr. Curfiss") filed U.S. Patent Application 08/745,536, entitled "Wireless Transducer Data Capture and Retrieval System for Aircraft", which ultimately issued as U.S. Patent No. 6,009,356 ("the '356 application"), on behalf of David Monroe ("Mr. Monroe").

55.     The '356 application was assigned to and examined by Patent Examiner Jacques H. Louis-Jacques.

56.     On January 10, 1997, Mr. Monroe executed a combined declaration and power of attorney, identifying himself as the original, first, and sole inventor of the subject matter claimed in the '356 application and appointing Mr. Curfiss to prosecute the '356 application.

57.     Under 37 C.F.R. § 1.56, Mr. Monroe, Mr. Curfiss, and every other person who was substantively involved in the preparation and prosecution of the '356 application owed the USPTO a duty of candor and good faith during its prosecution.  These duties included a duty to disclose all information known to be material to patentability.

58.     On February 23, 1998, the USPTO sent a First Office Action regarding the '356 application, citing U.S. Patent No. 5,377,109, entitled "Failsafe Digital Bus to Analog Protocol Converter System", Baker et al. ("the Baker reference") as prior art.

59.     On February 25, 1999, Mr. Curfiss filed U.S. Patent Application 09/257,767, entitled Ground Link with On-Board Security Surveillance System for Aircraft and Other Commercial Vehicles, which ultimately issued as U.S. Patent No. 6,246,320 ("the '320 application); U.S. Application 09/257,720, entitled Network Communication Techniques for Security Surveillance and Safety System, which ultimately issued as U.S. Patent No. 6,392,692 ("the '692 application"); and U.S. Patent Application 09/257,769, entitled Ground Based Security Surveillance System for Aircraft and Other Commercial Vehicles, which ultimately issued as U.S. Patent No. 6,545,601 ("the '601 application"), all on behalf of Mr. Monroe.

60.     The '320 application was assigned to and examined by Patent Examiner Donnie L. Crosland.

61.     The '692 application was assigned to and examined by Patent Examiners Chris Kelly and Gims Phillippe.

62.     The '601 application was assigned to and examined by Patent Examiner Darryl Pope.

63.     On May 5, 1999, Mr. Monroe executed a combined declaration and power of attorney, identifying himself as the original, first, and sole inventor of the subject matter claimed in the '692 application and appointing Mr. Curfiss to prosecute the '692 application.

64.      On May 19, 1999, Mr. Monroe executed a combined declaration and power of attorney, identifying himself as the original, first, and sole inventor of the subject matter claimed in the '320 and '601 applications and appointing Mr. Curfiss to prosecute the '320 and '601 applications.

65.      Under 37 C.F.R. § 1.56, Mr. Monroe, Mr. Curfiss, and every other person who was substantively involved in the preparation and prosecution of the'320, '601, and '692 applications owed the USPTO a duty of candor and good faith during their prosecution.  These duties included a duty to disclose all information known to be material to patentability.

66.      On April 5, 2000, the USPTO sent a First Office Action regarding the '320 application, citing U.S. Patent No. 5,917,405, entitled "Control Apparatus and Methods for Vehicles", Joao ("the Joao reference") and U.S. Patent No. 4,750,197, entitled "Integrated Cargo Security System", Denekamp et al. ("the Denekamp reference") as prior art.

67.      On June 14, 2000, Mr. Curfiss filed U.S. Patent application 09/594,041, entitled "Multimedia Surveillance and Monitoring System Including Network Configuration, which ultimately issued as U.S. Patent No. 6,970,183 ("the '183 application"), on behalf of David Monroe.

68.      The '183 application was assigned to and examined by Patent Examiner Andy Rao.

69.      All five applications – the '356, '320, '692, '601, and '183 applications – were examined by different examiners at the USPTO.

70.      On information and belief, on January 4, 2000, Mr. Monroe executed a combined declaration and power of attorney, identifying himself as the original, first, and sole inventor of the subject matter claimed in the '183 application and appointing Mr. Curfiss to prosecute the '183 application.

71.     Under 37 C.F.R. § 1.56, Mr. Monroe, Mr. Curfiss, and every other person who was substantively involved in the preparation and prosecution of the '183 application owed the USPTO a duty of candor and good faith during its prosecution.  These duties included a duty to disclose all information known to be material to patentability.

72.     On July 18, 2000, the USPTO sent a First Office Action regarding the '601 application, citing U.S. Patent No. 5,801,618, entitled "Vehicle Alarm and Lot Monitoring System", Jenkins ("the Jenkins reference") as prior art.

73.     During the prosecution of the '692 application, neither Mr. Monroe, nor Mr. Curfiss, nor anyone involved in prosecuting the '692 application disclosed the Joao, Baker, Denekamp, or Jenkins references to Patent Examiners Chris Kelley and/or Gims Phillippe at the USPTO, nor to the USPTO generally in connection with the '692 application.

74.     On May 21, 2002, the '692 application issued as U.S. Patent No. 6,392,692.

75.     During the prosecution of the '183 application, neither Mr. Monroe, nor Mr. Curfiss, nor anyone involved in prosecuting the '183 application disclosed the Jenkins reference to Patent Examiner Andy Rao at the USPTO, nor to the USPTO generally in connection with the '183 application.

76.     On November 29, 2005, the '183 application issued as U.S. Patent No. 6,970,183.

**A.     Inequitable Conduct with Respect to the '692 Patent**

77.     Mr. Monroe, Mr. Curfiss, and anyone involved in prosecuting the '692 application had knowledge of the Joao reference prior to the issuance of the '692 patent.

78.     On information and belief, Mr. Monroe, Mr. Curfiss, and anyone involved in prosecuting the '692 application withheld information regarding the Joao, Baker, Denekamp, and Jenkins references with an intent to deceive the USPTO, in breach of their duties of candor, good faith, and disclosure to the USPTO, and in violation of the duties imposed by 37 C.F.R. § 1.56.

79.     The Joao, Baker, Denekamp, and Jenkins references were material to the patentability of the '692 patent and not cumulative.

80.     On information and belief, the USPTO relied upon the acts and omissions recited above and was persuaded to allow the '692 application to issue improperly as the '692 patent.

81.     As a result of this inequitable conduct, the '692 patent is unenforceable.

**B.     Inequitable Conduct with Respect to the '183 Patent**

82.     Mr. Monroe, Mr. Curfiss, and anyone involved in prosecuting the '183 application had knowledge of the Jenkins reference prior to the issuance of the '183 patent.

83.     On information and belief, Mr. Monroe, Mr. Curfiss, and anyone involved in prosecuting the '183 application withheld information regarding the Jenkins reference with an intent to deceive the USPTO, in breach of their duties of candor, good faith, and disclosure to the USPTO, and in violation of the duties imposed by 37 C.F.R. § 1.56.

84.     The Jenkins reference was material to the patentability of the '183 patent and not cumulative.

85.     On information and belief, the USPTO relied upon the acts and omissions recited above and was persuaded to allow the '183 application to issue improperly as the '183 patent.

86.     As a result of this inequitable conduct, the '183 patent is unenforceable.

**NINTH AFFIRMATIVE DEFENSE:  RESERVATION OF DEFENSES**

87.     March Networks reserves the right to assert additional defenses that may be developed through discovery in this action.

## MARCH NETWORKS' COUNTERCLAIMS

As to its counterclaims against Plaintiffs, March Networks alleges as follows:

## PARTIES

88.     March Networks is a Canadian corporation with its headquarters and principal place of business at Tower B, 555 Legget Drive, Ottawa, Ontario, Canada K2K 2X3.

89.     On information and belief, e-Watch Corporation is a Texas corporation with a principal place of business in San Antonio, Texas, and a mailing address of 700 Lincoln Center, 7800 IH 10 West, San Antonio, TX 78230.  On information and belief, E-Watch, Inc. is a Nevada corporation with a principal place of business in San Antonio, Texas, and a mailing address of 700 Lincoln Center, 7800 IH 10 West, San Antonio, TX 78230

## JURISDICTION AND VENUE

90.     This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 U.S.C. § 271 *et seq*.  An actual, substantial and continuing justiciable controversy exists between March Networks and Plaintiffs with respect to which March Networks requires a declaration of its rights by this Court. At present the controversy relates to the noninfringement and invalidity of the '320, '064, '692, '601, and '183 patents, and Plaintiffs' right to threaten and/or maintain a suit for infringement on the same.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

91.     This Court has jurisdiction over Plaintiffs because Plaintiffs brought their suit alleging patent infringement here.  Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)-(c).

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '692 PATENT

92.     March Networks realleges and incorporates by reference the allegations of paragraphs 1-91 of this Answer and Counterclaims.

93.     This is an action for declaratory judgment of noninfringement of all claims of the '692 patent.

94.     Plaintiffs allege that March Networks directly infringes and indirectly infringes by way of inducing infringement and/or contributing to the infringement of the '692 patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, offering for sale, and/or selling mobile surveillance systems and facility security systems covered by one or more claims of the '692 patent.

95.     March Networks, however, has not infringed and is not infringing, either directly or indirectly, any claim of the '692 patent.

96.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between March Networks and Plaintiffs as to whether March Networks infringes any valid claim of the '692 patent.

97.     March Networks desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 92-96 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the '692 patent.

## SECOND COUNTERCLAIM:  DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '183 PATENT

98.     March Networks realleges and incorporates by reference the allegations of paragraphs 1-97 of this Answer and Counterclaims.

99.     This is an action for declaratory judgment of noninfringement of all claims of the '183 patent.

100.    Plaintiffs allege that March Networks directly infringes and indirectly infringes by way of inducing infringement and/or contributing to the infringement of the '183 patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, offering for sale, and/or selling mobile surveillance systems and facility security systems covered by one or more claims of the '183 patent.

101.    March Networks, however, has not infringed and is not infringing, either directly or indirectly, any claim of the '183 patent.

102.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between March Networks and Plaintiffs as to whether March Networks infringes any valid claim of the '183 patent.

103.    March Networks desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 98-102 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the '183 patent.

### THIRD COUNTERCLAIM:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '692 PATENT

104.    March Networks realleges and incorporates by reference the allegations of paragraphs 1-103 of this Answer and Counterclaims.

105.    This is an action for declaratory judgment of invalidity of any and all claims of the '692 patent.

106.    The '692 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

107.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between March Networks and Plaintiffs as to whether there exists any valid claim of the '692 patent.

108.    March Networks desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 104-107 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the '692 patent.

## FOURTH COUNTERCLAIM:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '183 PATENT

109.    March Networks realleges and incorporates by reference the allegations of paragraphs 1-108 of this Answer and Counterclaims.

110.    This is an action for declaratory judgment of invalidity of any and all claims of the '183 patent.

111.    The '183 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

112.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between March Networks and Plaintiffs as to whether there exists any valid claim of the '183 patent.

113.    March Networks desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 109-112 above.

Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the '183 patent.

## FIFTH COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF UNENFORCEABILITY OF THE '692 PATENT

114.     March Networks realleges and incorporates by reference the allegations of paragraphs 1-113 of this Answer and Counterclaims as though fully set forth herein.

115.     This is an action for declaratory judgment of unenforceability of the '692 patent.

116.     The '692 patent is unenforceable under the doctrine of inequitable conduct because of breaches in the duty of candor owed to the USPTO by Mr. Monroe, Mr. Curfiss, as well as anyone substantively involved with the prosecution of the '692 patent.

117.     On information and belief, Mr. Monroe, Mr. Curfiss, as well as anyone substantively involved with the prosecution of the '692 patent intentionally deceived the USPTO by failing to disclose the substance and materiality of known prior art, namely the Joao, Baker, Denekamp, and Jenkins references.

118.     On information and belief, the intentional actions and calculated omissions of those substantively involved with the prosecution of the '692 patent are violations of 37 C.F.R. § 1.56 and thereby render the '692 patent unenforceable.

119.     March Networks desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 114-118 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the unenforceability of the '692 patent.

## SIXTH COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF UNENFORCEABILITY OF THE '183 PATENT

120.     March Networks realleges and incorporates by reference the allegations of paragraphs 1-119 of this Answer and Counterclaims as though fully set forth herein.

16

121.     This is an action for declaratory judgment of unenforceability of the '183 patent.

122.     The '183 patent is unenforceable under the doctrine of inequitable conduct because of breaches in the duty of candor owed to the USPTO by Mr. Monroe, Mr. Curfiss, as well as anyone substantively involved with the prosecution of the '183 patent.

123.     On information and belief, Mr. Monroe, Mr. Curfiss, as well as anyone substantively involved with the prosecution of the '183 patent intentionally deceived the USPTO by failing to disclose the substance and materiality of known prior art, namely the Jenkins reference.

124.     On information and belief, the intentional actions and calculated omissions of those substantively involved with the prosecution of the '183 patent are violations of 37 C.F.R. § 1.56 and thereby render the '183 patent unenforceable.

125.     March Networks desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 120-124 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the unenforceability of the '183 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant March Networks prays for the following:

A.     A judgment that Plaintiffs take nothing by their Complaint;

B.     A judgment that Plaintiffs' Complaint be dismissed with prejudice and that all relief requested by Plaintiffs be denied with prejudice;

C.     A judgment declaring that March Networks has not and does not infringe, in any manner, any claim of the '692 and '183 patents;

D.      A judgment declaring that each claim of the '692 and '183 patents is invalid, void, and without any force or effect against March Networks, its officers, agents, servants, employees, and attorneys;

E.      A judgment declaring that the '692 and '183 patents are unenforceable due to inequitable conduct;

F.      A judgment deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285 and entitling March Networks to an award of its reasonable attorneys' fees, expenses, and costs in this action; and

G.      For such other and further relief, in law or in equity, and on March Networks' behalf, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

March Networks hereby demands a trial by jury on all issues.

Dated:  July 5, 2006                    FISH & RICHARDSON P.C.

                                        By:    /s/ John E. Giust
                                            John E. Gartman (appearing *pro hac vice*)   Lead Attorney
                                            John E. Giust (appearing *pro hac vice*)
                                            Joseph P. Reid (appearing *pro hac vice*)
                                            Michael M. Rosen (appearing *pro hac vice*)
                                            Fish & Richardson P.C.
                                            12390 El Camino Real
                                            San Diego, California  92130
                                            Telephone: (858) 678-5070;   Facsimile: (858) 678-5099
                                            Email:  gartman@fr.com
                                            Email:  giust@fr.com
                                            Email:  reid@fr.com
                                            Email:  rosen@fr.com

                                            Steve Roper, Texas SBN 17234000;
                                            Zeleskey Cornelius Hallmark Roper & Hicks LLP
                                            1616 South Chestnut
                                            PO Drawer 1728
                                            Lufkin, Texas  75902-1728
                                            Telephone: (936) 632-3381;   Facsimile: (936) 632-6545
                                            Email:  sroper@zeleskey.com

                                        Counsel for Defendant/Counter-Claimant
                                        MARCH NETWORKS CORPORATION

10633244.doc

19

<u>**CERTIFICATE OF SERVICE**</u>

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 5, 2006 on all counsel of record who are deemed to have consented to **electronic service via the Court's CM/ECF system** per Local Rule CV-5(a)(3). Any other counsel of record will be served by the method set forth below:

**Attorneys not on Court's CM/ECF System:**

*VIA ELECTRONIC MAIL*
Robert C. Curfiss
Jackson Walker LLP
1501 McKinney Street
Houston, TX  77010
Telephone:  (713) 752-4322
Facsimile:  (713) 752-4221
Email:  rcurfiss@jw.com

Attorneys for Plaintiff/Counter-Defendants E-Watch, Inc. and e-Watch Corporation

*VIA ELECTRONIC MAIL*
Eric Cernyar, SBN 24003644
Gunn & Lee, P.C.
700 N. St. Mary's St.
San Antonio, Texas 78205
Telephone:  (210) 886-9500
Facsimile:  (210) 886-9883
Email:  eric@cernyar.com

Attorneys for Plaintiff/Counter-Defendants E-Watch, Inc. and e-Watch Corporation

*VIA ELECTRONIC MAIL*
J. Thomas Rhodes, III, SBN 16820050
Lyons, Rhodes & Bela
126 Villita
San Antonio, Texas  78205
Telephone:  (210) 225-5251
Facsimile:  (210) 225-6545
Email:  trhodesIII@aol.com

Attorneys for Plaintiff/Counter-Defendants E-Watch, Inc. and e-Watch Corporation

/s/ Kristen Coolidge
Kristen Coolidge